IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50802
Summary Calendar

_____

CESAR QUINTANILLA,

Petitioner-Appellant,

versus

GARY JOHNSON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CV-490

_____

September 10, 1998

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.[*]

PER CURIAM:

Cesar Quintanilla appeals the denial of his petition for a
writ of habeas corpus. He was convicted of aggravated sexual
assault by a jury and received the maximum sentence of ninety-nine
years of imprisonment. Quintanilla alleges that he was denied
effective assistance of counsel during the punishment stage of his
Texas trial. In particular, he alleges ineffective assistance

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on his counsel's failure to obtain a jury charge allowing him to be sentenced to probation, failure to call any character witnesses on his behalf, and failure to provide an effective closing argument. Quintanilla also challenges the denial of his requests for an evidentiary hearing on these claims and contends that if such a hearing is foreclosed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Act is unconstitutional.

We have reviewed the record and the briefs of the parties and affirm substantially for the reasons given by the district court. *See Quintanilla v. Johnson*, A-96-CV-490 (W.D. Tex. Aug. 21, 1997). Quintanilla has failed to meet his burden of establishing ineffective assistance of counsel—particularly the "prejudice" prong thereof—even under the more lenient pre-AEDPA standards. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997), *cert. denied*, 1998 WL 86177 (U.S. May 26, 1998) (No. 97-8016). The failure to hold an evidentiary hearing on his claims was not a violation of due process because there was no factual dispute. Even accepting Quintanilla's factual claims as true, he is not entitled to habeas corpus relief. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

Quintanilla argues in his brief that "this offense . . . reflected a long time relationship between petitioner and the complainant . . . the conduct underlying this 'aggravated sexual assault,' was not based upon a charge of violent forcible 'rape,'

2

but rather, upon the theory that the complainant was underage at the time of the sexual contact, thus subjecting Petitioner to liability for this offense." This is wholly false. The indictment, jury instructions, and trial were solely on the basis of forcible rape by placing the victim in fear that serious bodily harm would be imminently inflicted. The victim was twenty-one years old at the time of the offense, and it was never alleged that she was "underage." We agree with the Texas appellate court that "the evidence is sufficient to support the finding that appellant compelled the complainant to submit to an act of sexual intercourse by means of force, threats, and violence" and "that appellant's acts and words placed the victim in fear of serious bodily injury or death, and that this fear was reasonable in light of appellant's conduct." While Quintanilla testified at trial that he had had wholly consensual sexual intercourse with the victim on numerous occasions commencing about six months before the date of the alleged offense, and that he never at any time used force or threats on her and that she was the sexual aggressor, the victim denied ever having any sexual intercourse with Quintanilla—or anyone else—except on the occasion that he forcibly raped her. She did testify that on several occasions some six to eight years previously when she was thirteen and fifteen—and he was twenty-five or twenty-seven—he had attempted to fondle her breasts and private parts, all against her will and despite her attempts to push him away. The jury also heard the testimony of, among others, Quintanilla's wife—the victim's older sister—who was a prosecution

3

witness, and Quintanilla's nephew, a defense witness. The conflicts in the evidence were obviously resolved by the jury against Quintanilla, a resolution amply supported by the record.

The brief, general, and conclusory unsworn letters from friends of Quintanilla, filed with the state habeas, which Quintanilla points to as showing what "character" evidence could and should have been presented at sentencing, are wholly unavailing. These offer no specifics and only conclusory statements such as "he is a good person, very respectful, and a good friend"; "he is a good person"; "he is a very responsible person"; and "he, always, proved me to be a honorable, kind and responsible man." There is no reasonable probability that the omission of such evidence at the punishment hearing had any materially adverse effect on the sentencing verdict. So also as to the complaints respecting the omission to charge on probation as a possible penalty and the brevity of the punishment argument.

It is not necessary to reach Quintanilla's constitutional challenge to the AEDPA, because his sentence may be upheld even under the pre-AEDPA standards. *See Maher v. Gagne*, 448 U.S. 122, 133 (1980) (recognizing the judicial policy of avoiding the unnecessary resolution of constitutional issues).

AFFIRMED

4